OSCN Found Document:RE VIDEOCONFERENCING AND TELECONFERENCING IN MEETINGS OF BDS. AND COMMITTEES OF THE JUDICIARY

 

 
 

 
 RE VIDEOCONFERENCING AND TELECONFERENCING IN MEETINGS OF BDS. AND COMMITTEES OF THE JUDICIARY
2020 OK 108
Decided: 12/14/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 108, __ P.3d __

 

RE: Videoconferencing and Teleconferencing in Meetings of Boards and Committees of the Judiciary

ORDER

Â¶1 This Order is issued to clarify the meeting requirements applicable to judicial branch boards, committees, task forces, and other working groups, and to authorize those groups to utilize teleconferencing and videoconferencing to conduct their meetings and proceedings. While the Open Meetings Act is applicable to public bodies in the State of Oklahoma, the state judiciary is specifically exempted from the definition of "public body." 25 O.S. Â§304, paragraph 1. Notwithstanding any other provision of law, the requirements of the Open Meetings Act shall not apply to the proceedings of the boards, committees, or other groups established by or through the state judiciary. The use of videoconferencing and teleconferencing, at the discretion of each group's chairperson, is hereby authorized, for judicial branch boards, committees, task forces, and other working groups, including but not limited to the following:

1. The State Board of Examiners of Certified Shorthand Reporters. Rule 7, Title 20, Chapter 20, Appendix 2, is hereby amended as set forth on Exhibit 1.

2. The State Board of Examiners of Certified Courtroom Interpreters. Rule 6, Title 20, Chapter 23, Appendix 3, is hereby amended as set forth on Exhibit 2.

3. The Dispute Resolution Advisory Board (DRAB).

4. The Juvenile Justice Oversight and Advisory Committee (JJOAC).

5. The Conference of Presiding Judges.

6. The Oklahoma Judicial Conference (OJC).

7. The Oklahoma Access to Justice Commission.

8. The Pandemic Judicial Advisory Committee.

9. The Oversight Committee for the Uniform Representation of Children and Parents in Cases Involving Abuse and Neglect.

10. Any subcommittee of the above listed groups.

11. Any other committee, board, task force, or working group created by or through the Supreme Court, Oklahoma Judicial Conference, or the state judiciary.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 14TH day of DECEMBER, 2020.

/S/CHIEF JUSTICE

Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Edmondson, Colbert, Combs and Kane, JJ., concur;

Rowe, J., not voting.

Â 

EXHIBIT 1

Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters
Chapter 20, App. 2
Rule 7. Disciplinary Hearings.

a) The Board, under signature of the Chairpersonman on behalf of the Board, shall have power to issue subpoenas to compel the attendance of witnesses on behalf of the State or the court reporter involved.

b) The Chairpersonman shall preside over formal disciplinary hearings and, if necessary, rule on questions of procedure. Disciplinary hearings shall be conducted in an orderly manner, generally following the order of proceedings in civil matters. However, the formal rules of evidence and civil procedure shall not apply to disciplinary hearings before the Board. Any evidence offered on behalf of the complainant or the court reporter respondent shall be received and considered unless clearly irrelevant to the proceedings. The court reporter shall have the right to appear personally or through counsel, cross examine witnesses and present evidence on his/her own behalf. A complete stenographic record of formal disciplinary hearings before the Board shall be kept. The complainant shall have the burden of persuasion on the material elements of the complaint. Hearings may be adjourned or continued to a date certain as the Board in its discretion shall decide.

c) All disciplinary proceedings before the Board shall be open to the public and conducted in full compliance with the Oklahoma Open Meeting Act [25 O.S. Â§ 301, et. seq.], except that the Board, when acting in its capacity as a quasi-judicial body, may close the meeting to the public adjourn to an executive session for purposes of deliberations only. All votes of the Board regarding disciplinary matters shall be publicly cast and recorded. At the discretion of the Chairperson, the Board may permit the use of teleconferencing and videoconferencing technology in any stage of its disciplinary proceedings. In any disciplinary proceeding conducted by videoconference, the Board shall follow the same general provisions applicable to videoconferencing in the District Courts, as set forth in Rule 34, Paragraph A, Rules of the District Courts, Title 12, Chapter 2, Appendix. 

d) Decisions of the Board shall be in writing with findings of fact and conclusions of law as applicable, including a recommendation as to discipline, if such is found to be indicated. The written decision of the Board shall reflect the votes of the members for or against the Board's recommendation. The written decision of the Board shall constitute its recommendation to the Supreme Court for or against discipline. If the recommendation is for discipline, the Board may recommend:

1) Suspension for a period of time up to one (1) year; or

2) Revocation of the enrollment of a certified court reporter, or revocation of the status of a person appointed as a temporary court reporter pursuant to Section 106.3B(d) of Title 20 of the Oklahoma Statutes.

The written decision of the Board shall be immediately transmitted to the court reporter respondent, by hand-delivery or by mailing it or sending it by third-party commercial carrier for delivery within three (3) calendar days. Proof of service shall be documented, and may be made by a certificate of mailing endorsed on the written decision.

Â 

Â 

EXHIBIT 2

Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Courtroom Interpreters
Chapter 23, App. III
Rule 6 Disciplinary Hearings

a) The Board, under signature of the Chairpersonman on behalf of the Board, shall have power to issue subpoenas to compel the attendance of witnesses on behalf of the State or the interpreter involved.

b) The Chairpersonman shall preside over formal disciplinary hearings and, if necessary, rule on questions of procedure. Disciplinary hearings shall be conducted in an orderly manner, generally following the order of proceedings in civil matters. However, the formal rules of evidence and civil procedure shall not apply to disciplinary hearings before the Board. Any evidence offered on behalf of the complainant or the interpreter respondent shall be received and considered unless clearly irrelevant to the proceedings. The interpreter shall have the right to appear personally or through counsel, cross examine witnesses and present evidence on his/her own behalf. The Board or the respondent may request that a complete stenographic record of formal disciplinary hearings before the Board be kept. The complainant shall have the burden of persuasion on the material elements of the complaint. Hearings may be adjourned or continued to a date certain as the Board in its discretion shall decide.

c) All disciplinary proceedings before the Board shall be open to the public, except that the Board, when acting in its capacity as a quasi-judicial body, may close the meeting to the public for purposes of deliberations only. All votes of the Board regarding disciplinary matters shall be publicly cast and recorded. At the discretion of the Chairperson, the Board may permit the use of teleconferencing and videoconferencing technology in any stage of its disciplinary proceedings. In any disciplinary proceeding conducted by videoconference, the Board shall follow the same general provisions applicable to videoconferencing in the District Courts, as set forth in Rule 34, Paragraph A, Rules of the District Courts, Title 12, Chapter 2, Appendix.

d) The Board shall issue a written report with findings of fact and conclusions of law as applicable, and its recommendation to the Supreme Court for or against discipline. The written report of the Board shall reflect the votes of the members for or against the Board's recommendation. Disciplinary action against a Registered or Certified Courtroom Interpreter shall consist of either:

1) Suspension for a period of time up to one (1) year; or
2) Revocation of the enrollment of a Registered or Certified Courtroom Interpreter.

e) The Board shall issue its written report and recommendation within fifteen (15) days from the conclusion of the hearing. The written report and recommendation of the Board shall be immediately transmitted to the interpreter, by hand-delivery or by mailing it or sending it by third-party commercial carrier for delivery within three (3) calendar days. Proof of service shall be documented, and may be made by a certificate of mailing endorsed on the written report.

Â 

Â